Dear Mr. Ponder:
This office is in receipt of your request for an Attorney General's opinion regarding LSA-R.S. 47:1705, which requires that certain information be supplied to the assessor and legislative auditor by tax recipient agencies. Pertinently, your letter states:
 "LRS 47:1705 requires all tax recipient agencies of ad valorem taxes of each parish to furnish to the Legislative Auditor the authorizing ordinances or resolutions and the tax rate to be applied to the assessed values for ad valorem tax purposes not later than June 1 of each year. Pursuant to this provision, the Legislative Auditor's Office has requested copies of `the current ordinance' approving the service fees levied by fire protection districts pursuant to the authority granted by LRS 40:1502.1. These fees, which are included on the assessor's tax rolls pursuant to 40:1502.1(E)(1), are assessed by resolution authorizing the assessment, after approval by the majority of electors in the district, for a period of ten years. Acorn v. City of New Orleans, 377 So.2d 1206
(LA 1979) draws a distinction between service fees and millages which would indicate that the fire protection district "service fees", although placed upon the tax rolls, are not millages and therefore not subject to the provisions of LRS 47:1705
However, the Legislative Auditor's Office is taking the position that an ordinance must be adopted annually approving these fees.
 In light of the nature of these `fees', is the City-Parish required to furnish copies annually to the Legislative Auditor's Office and if so, is it necessary for the Council to approve these fees annually?"
With regard to information that must be provided to the Legislative Auditor, LSA-R.S. 47:1705A, provides:
 "A. All tax recipient agencies of ad valorem taxes
of each and every parish of the state of Louisiana, the parish of Orleans excepted, including the police jury, school board, levee district, special districts, municipalities, and all tax recipients of any nature whatsoever of ad valorem taxes, except municipalities which prepare their own tax rolls, are hereby required to furnish the assessor and the legislative auditor the authorizing ordinances or resolutions and the tax rate to be applied to the assessed values for ad valorem tax purposes not later than June 1 of each year." (Emphasis supplied).
With respect to any increased millage rates that a tax recipient body might impose without voter approval, LSA-R.S. 47:1705B requires the tax recipient body to adopt certain ordinances or resolutions. LSA-R.S.47:1505D provides for the legislative auditor's review of "millageslevied by each tax recipient body in each year that reassessment occurs and in each year in which an increase in millage is made by two-thirds vote of the total membership of the taxing authority " in order to determine if any such millage increases are in compliance with law.[1]
Please be advised of the opinion of this office that LSA-R.S. 47:1705, pursuant to the language and terminology employed therein, refers and pertains only to "ad valorem taxes" levied or received by tax recipient agencies. LSA-R.S. 47:1705 does not apply to fire protection service fees collected and imposed pursuant to LSA-R.S. 40:1502.1, which as you point out, should be correctly considered to be "specific taxes".
In Acorn v. City of New Orleans, 377 So.2d 1206 (La. 1979), the Supreme Court distinguished specific taxes from ad valorem taxes, and classified a parcel fee as a "specific tax". In pertinent part, the Court stated:
 "Duties are either ad valorem or specific; the former when the duty is laid in the form of a percentage on the value of the property, the latter where it is imposed as a fixed sum on each article of a class without regard to its value.
* * *
 The tax under consideration is clearly not levied according to the valuation of the property taxed; it is a specific tax, and not an ad valorem tax. It is not, therefore, a millage increase upon a parish ad valorem tax, and is not regulated by other provisions of law governing ad valorem taxation."
In our opinion, service fees imposed under authority of LSA-R.S.40:1502.1 are `specific taxes' as they are imposed upon each residential or commercial structure, as defined therein, without regard to the value of the structure. In accordance with Acorn, supra, such specific taxes are " not regulated by provisions of law governing ad valorem taxation", such as LSA-R.S. 47:1705. In answer to your specific question, LSA-R.S.47:1705 does not require the City-Parish of East Baton Rouge, or its various fire protection districts, to annually approve the service fees imposed in accordance with LSA-R.S. 40:1502.1, or to annually furnish copies of ordinances or resolutions pertaining to such service fees to the Legislative Auditor.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Cc: Mr. Grover Austin, Office of Legislative Auditor
[1] The term "millage", as used in matters pertaining taxation, generally refers to the method used to calculate ad valorem taxes. Attorney General's Opinion No. 95-429. (Emphasis supplied).